FILED
 2011 Apr-01  PM 03:33
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ELLEN M. MITCHELL; ADAM R. ROBERTSON, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| BSH SIM, INC., d/b/a Kobe Japanese Steakhouse; CHRIS LINTON, | ) ) ) |
| Defendants. | ) |
| BSH SIM, INC.; CHRIS LINTON, | ) ) |
| Counterclaimants, | ) ) |
| vs. | ) ) |
| ELLEN MITCHELL; ADAM ROBERTSON, | ) ) ) |
| Counterclaim Defendants. | ) |

Case Number 7:10-CV-3235-SLB

**MEMORANDUM OPINION**

This case is presently before the court on counterclaim defendants' Motion to Dismiss Count II of Defendants' Counterclaim. (Doc. 7.) Count II of the Counterclaim alleges a cause of action for abuse of process. (Doc. 5 at 11.) Counterclaim defendants ask the court to dismiss Count II of the Counterclaim for failure to state a claim. (Doc. 7 at 1.) Counterclaimants did not file any opposition to the Motion to Dismiss.

The purposes of a motion to dismiss, authorized by Rule 12(b)(6) of the Federal Rules of Civil Procedure, is to test the facial sufficiency of the counterclaimants' statement of claim

for relief. *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1367 (11th Cir. 1997). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court assumes the factual allegations in the Counterclaim are true and gives the counterclaimants the benefit of all reasonable factual inferences. *Hazewood v. Foundation Financial Group, LLC*, 551 F.3d 1223, 1224 (11th Cir. 2008) (per curiam).

The Counterclaim contains the following allegations:

> Prior to filing this Complaint plaintiffs asserted a Title VII "notice of Charge of Discrimination" against defendants/counterclaimants alleging the same set of facts averred in plaintiffs' Complaint. In response, defendants conduct an extensive investigation of the allegations which included interviews of Chris Linton, and all employees of defendant, Kobe Japanese Steakhouse. The employees referenced in plaintiffs' Title VII charges and in plaintiffs' Complaint who were (1) alleged to have also been sexually harassed, (2) who were referenced in the Notice of Charge of Discrimination as witnesses for plaintiffs and/or (3) [who were] alleged to have been assaulted by Linton were interviewed as well. All employees vehemently denied that either Linton or any other person employed at the restaurant had ever engaged in any sexual misconduct, harassment, assault, or other inappropriate conduct. Linton further denied engaging in such conduct. The results of the investigation were that all material allegations asserted in the Title VII charges and now, in this lawsuit, were totally false. During said investigation information was developed and reported that both Mitchell and Robertson had failed to abide by the policies and regulations of the restaurant, engaged in theft of property from the restaurant, and that both had committed criminal acts during their employment. Specifically, (1) plaintiffs conspired to and did, in fact, alter time cards to reflect work [was] performed that was not actually performed during their employments; (2) Robertson wrongfully used manager codes to get discounted or free food for his friends and himself during work

> hours [and] Robertson continued with the theft even after it was discovered by the restaurant managers; (3) witnesses identified Robertson as the person who intentionally punctured the tire of Gina Parks'[s] vehicle, a restaurant manager; (4) Robertson illegally sold prescription drugs during work hours; (5) Robertson was chronically late for work; (6) Mitchell had provided free alcoholic beverages to Robertson, friends, and other employees in violation of restaurant policy; (7) Mitchell repeatedly wore clothing that was inappropriate for the workplace and was chronically late to work; (8) Mitchell was selling prescription drugs during work hours; [and] (9) both Mitchell and Robertson had conspired to and in fact had taken liquor, wine, and food from the restaurant. Both Mitchell and Robertson were employees at will, were justifiably terminated as a result of repeated violations of restaurant policies, theft, tardiness, insubordination, and/or commission of criminal activity.
>
> . . .
>
> Count II: Abuse of Process
>
> . . . [P]laintiffs/counterclaim defendants Ellen Mitchell and Adam Robertson *initiated* this action without probable cause and with a vexatious, malicious, and improper purpose to retaliate against counterclaimants resulting from their termination at will for repeated violations of restaurant policies, theft, and commission of criminal activity.

(Doc. 5 at 8-10, 11 [emphasis added].)

Counterclaim defendants contend that Count II of the Counterclaim is due to be dismissed because counterclaimants allege only that counterclaim defendants wrongfully initiated the underlying lawsuit and initiation of a claim will not support an abuse-of-process claim under Alabama law. The court agrees.

In Alabama, "The elements of the tort of abuse of process are 1) the existence of an ulterior purpose, 2) a wrongful use of process, and 3) malice." *Haynes v. Coleman*, 30 So. 3d 420, 425 (Ala. Civ. App. 2009)(quoting *C.C.&J., Inc. v. Hagood*, 711 So. 2d 947, 950

3

(Ala. 1998). "The tort of abuse of process differs from the tort of malicious prosecution; the tort of abuse of process is concerned with 'the wrongful *use* of process *after it has been issued*,' while the tort of malicious prosecution is concerned with 'the wrongful *issuance* of process.'" *Id*. (quoting *Shoney's, Inc. v. Barnett*, 773 So. 2d 1015, 1024 (Ala. Civ. App. 1999)(quoting *Hagood*, 711 So. 2d at 950))(emphasis in *Hagood*). "A defendant cannot be held liable for abuse of process unless he or she somehow acted outside the boundaries of legitimate procedure *after* the initiation of the proceeding." *Id*. at 426 (quoting *Hagood*, 711 So. 2d at 951)(emphasis added; internal quotations omitted).

Counterclaimants allege that counterclaim defendants wrongfully initiated this action. Such an allegation will not support a claim for abuse of process. Therefore, counterclaim defendants' Motion to Dismiss Count II of the Counterclaim will be granted.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that the Count II of the Counterclaim fails to state a claim for abuse of process upon which relief can be granted. Therefore, Count II of the Counterclaim will be dismissed. An Order granting counterclaim defendants' Motion to Dismiss will be entered contemporaneously with this Memorandum Opinion.

**DONE,** this 1st day of April, 2011.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE